# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 09-4003-11-CR-C-NKL |
| WILLIAM HAROLD ROGERS, | ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

On September 15, 2009, a hearing was held on defendant William Harold Rogers' motion for suppression of statements and evidence. Rogers appeared in person and was represented by counsel David Healy.[1]

Defendant Rogers' motion seeks suppression of the content of all intercepted wire communications to which he was a party, and any further evidence obtained as a fruit thereof. FBI Case Agent Marlin Ritzman testified as to the facts pertaining to the motion. Agent Ritzman's testimony has not been seriously challenged by defendant and the court finds Agent Ritzman to be a credible witness.

Defendant challenges the intercepted wire communications as to necessity. Title 18, United States Code, § 2518(1)(c), provides that an application for an order authorizing a wiretap must include, among other things, "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." This requirement seeks to insure that wiretaps are not routinely employed as the initial step in an investigation. United States v. Thompson, 210 F.3d 855, 858-59 (8th Cir. 2000).

In the instant case, it is clear from the testimony of Agent Ritzman, and his affidavit in support of the wiretap, that at the time the wiretap was authorized, the investigation had been

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

under way for some time and law enforcement officers did not know the full extent of the conspiracy. Agent Ritzman's affidavit sets forth, with detail, the investigative techniques that had been utilized by law enforcement officers, such as surveillance, historical drug information, controlled buys, confidential human source, pen register and toll record information, trash pulls, search warrants, and the shortcomings and limitations of such techniques in achieving the goals of the investigation. The wiretap was requested by Agent Ritzman for the purpose of obtaining admissible evidence needed to establish the full scope of the conspiracy, including the identity of all the participants in the conspiracy, the source of drugs, financing, and the location and storage of drugs and records. The Eighth Circuit has specifically held that "[i]f law enforcement officers are able to establish that conventional investigatory techniques have not been successful in exposing the full extent of the conspiracy and the identity of each coconspirator, the necessity requirement is satisfied." United States v. Jackson, 345 F.3d 638, 644 (8th Cir. 2003). This court finds that Agent Ritzman's affidavit established that the conventional investigatory techniques had not been successful in exposing the full extent of the conspiracy, including the identity of each member and the extent of the criminal activities; therefore, the necessity requirement was satisfied. See id. The fact that law enforcement officers had already collected evidence from other sources does not mean that further evidence was unnecessary or that it was not proper to investigate the full scope of the conspiracy in which defendant was involved. The rule of necessity does not require that a wiretap be absolutely necessary or that information cannot be obtained from other sources, or that law enforcement officers exhaust "specific" or "all possible" investigative techniques before wiretap orders can be issued. United States v. Matya, 541 F.2d 741, 745 (8th Cir. 1976). The Government is not required to "explain away all possible alternative techniques, since the Government is not required to use a wiretap only as a last resort." Id.

       Additionally, defendant Rogers' argument that law enforcement officers had ample evidence against already identified persons undermines the validity of the wiretap. The issue is not what the Government knew, but what they did not know. The purpose of the wiretap was not to just continue to accumulate evidence against already identified involved individuals; it was to investigate the full scope of the conspiracy, including previously unidentified individuals, such as

2

defendant Rogers.  See United States v. Thompson, 210 F.3d at 859 (necessity established by affidavit setting forth investigative techniques already used insufficient to reveal full conspiracy or identify all conspirators).

The court finds the application for wiretap authorization established the necessity for seeking a wiretap authorization, and the order of authorization was proper.

*Extension of Wiretap Order*

An application for an extension of a wiretap order must include "a statement setting forth the results thus far obtained from the interception, or a reasonable explanation of the failure to obtain such results." 18 U.S.C. § 2518(1)(f).  In addition, the "issuing court is required to make the same findings for an extension order as it is for an original order." United States v. Brone, 792 F.2d 1504, 1506 (9th Cir. 1986) (citing United States v. Giordano, 416 U.S. 505, 530 (1974); 18 U.S.C. § 2518(5)).

Rogers claims the application for the extension of the wiretap order was insufficient because it, like the initial affidavit, failed to meet the necessity requirement.  Rogers further argues that the extension was unnecessary because the Government, by then, had obtained substantial additional evidence from the first wiretap, including identification of eight additional persons as targets.  Defendant argues that the Government had sufficient evidence to prosecute the drug conspiracy and there was no need for further extension of the wiretap.

A review of the affidavit in support of the application for a thirty-day extension of wiretap authorization reveals that the Government established the necessity for further wire interception.  The affidavit stated that continued interception was needed to accomplish the goals of the investigation, as set forth in the original affidavit, including continued identification of participants in the conspiracy.  The affidavit further articulated why alternative investigative techniques were insufficient to accomplish these investigative goals, and why it was difficult to accomplish the goals of the investigation within the initial thirty-day period of the wiretap.  A wiretap can be lawfully extended in order to allow investigative officers to fully develop the extent of a conspiracy and the identity of the conspirators.  United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995).  See also United States v. Davis, 882 F.2d 1334, 1344 (8th Cir. 1989) (reliance on telephones, distrust of confederates, and use of specialized jargon rendered normal

investigative techniques impractical and broad scope and complexity of operation compounded the investigation; thus, extension of wiretap lawful).  A wiretap is not precluded just because the Government has an adequate, submissible or good case.  It can be used to "develop an effective case against those involved in the conspiracy."  United States v. Reed, 575 F.3d 900, 909 (9th Cir. 2009) (quoting United States v. Rivera, 527 F.3d 891, 902 (9th Cir. 2008)).  An effective case would be one likely to result in a conviction, in other words, an excellent case.

      IT IS, THEREFORE, RECOMMENDED that defendant Rogers' motion for suppression of statements and evidence be denied.  [348]

      Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days.  If additional time is needed, a motion for an extension of time must be filed within ten days.  The motion should state the reasons for the request.  See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

      Dated this 22nd day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge