IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4003-11-CR-C-NKL |
| ) | |
| WILLIAM HAROLD ROGERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

On September 22, 2009, United States Magistrate Judge William A. Knox issued a Report and Recommendation [Doc. # 375] recommending that this Court enter an order denying a Motion to Suppress [Doc. # 348] filed by Defendant William Harold Rogers. This Report and Recommendation followed a September 14, 2009 hearing on the motion.

Rogers' motion seeks suppression of the content of intercepted wire communications to which he was a party. Rogers challenges original application and subsequent application for extension based upon necessity.

An order authorizing a wiretap must include, among other things, "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). Law enforcement need not exhaust all other possible sources of evidence to satisfy § 2518(1)(c). *See United States v. Matya*, 541 F.2d 741, 745 (8th Cir.

1976). FBI Case Agent Marlin Ritzman testified (and his affidavit supports) that a wiretap was necessary in this case because, although the investigation had been ongoing for some time, the Government did not know the full extent of the conspiracy and had not been able to acquire such information through other means.

Similar to his original Motion, Rogers argues that the wiretap order (and its 30 day extension) was unnecessary because the Government already had all the evidence it needed to prosecute its case. He suggests that, under Judge Knox's reasoning, the necessity requirement is meaningless (and circular in a conspiracy case) because the Government can always claim it needs more evidence in a conspiracy case where "a source of supply will always have their own source of supply, and therefore additional conspirators always exist to satisfy the necessity requirement." [Doc. # 387, at p. 3].

Be that as it may, Rogers fails to impeach Ritzman's testimony concerning the necessity of the warrant or the affidavit supporting the extension of the wiretap for an additional 30 days. If law enforcement officers are able to establish that conventional investigatory techniques have not been successful in exposing the full extent of the conspiracy and the identity of each coconspirator, the necessity requirement is satisfied." *United States v. Jackson*, 345 F.3d 638, 644 (8th Cir. 2003). Presented with Ritzman's testimony and no countervailing evidence, the Court finds no reason to suppress evidence obtained through the wiretap.

After a *de novo* review of the record, the Court is convinced that the Report and Recommendation of the Magistrate is correct and should be adopted. Accordingly, it is

hereby ORDERED that Rogers' objections are OVERRULED and the Report and Recommendation [Doc. # 375] is ADOPTED.

                                                  s/ Nanette K. Laughrey
                                                 NANETTE K. LAUGHREY
                                                 United States District Judge

Dated: September 29, 2009
Jefferson City, Missouri